[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11224
Non-Argument Calendar
_____

D.C. Docket No. 3:02-cr-00035-LC-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEAN MICHAEL SANTIAGUE,
a.k.a. Emmanuel Reid,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(May 2, 2013)

Before TJOFLAT, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Jean Michael Santiague, a federal prisoner proceeding *pro se*, appeals the

district court's partial grant of his 18 U.S.C. § 3582(c)(2) motion for a sentence

reduction and its denial of his post-judgment motion for reconsideration. On appeal, Santiague argues for the first time that the statutory mandatory minimums set forth in the Fair Sentencing Act of 2010 ("FSA") must be applied retroactively, in conjunction with Amendment 750, in § 3582(c)(2) proceedings. For the reasons set forth below, we affirm the district court's partial grant of Santiague's § 3582(c)(2) motion.

## I.

In 2002, Santiague was indicted for possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii). The government subsequently filed a notice of intent to seek an enhanced penalty based on Santiague's prior drug conviction, pursuant to 21 U.S.C. § 851. Santiague pled guilty to the charged offense.

The presentence investigation report ("PSI") held Santiague accountable for 72.5 grams of crack cocaine and, thus, he had a base offense level of 32 pursuant to § 2D1.1. After a 4-level increase for obstruction of justice under U.S.S.G. § 3C1.1, his total offense level was 34. Based on this offense level and a criminal history category of VI, Santiague's guideline range was 262 to 327 months. The PSI also noted that under 21 U.S.C. § 841(b)(1)(A), Santiague was subject to a mandatory minimum sentence of 20 years' (240 months) imprisonment because of his prior drug conviction. The district court imposed a 327-month sentence.

2

In 2008, after the enactment of Amendment 706, the district court *sua sponte* issued an order, pursuant to § 3582(c)(2), reducing Santiague's sentence to 262 months' imprisonment. The court noted that Santiague's base offense level had been reduced to 32, which lowered his guideline range to 240[1] to 262 months.

In 2011, Santiague, proceeding *pro se*, filed the instant § 3582(c)(2) motion to reduce his sentence pursuant to Amendment 750 and the FSA. He asserted that, in reducing his sentence, the district court should consider the sentencing disparities between offenses involving powder and crack cocaine. According to Santiague, Amendment 750 reduced his mandatory minimum sentence to five years' imprisonment. He also argued that, in light of the 18 U.S.C § 3553(a) sentencing factors, his sentence should be reduced to the mandatory minimum sentence of five years' imprisonment or time served.

The district court granted the motion, in part, further reducing Santiague's sentence to 240 months' imprisonment. The court stated that, in reducing his sentence, it had considered his § 3582(c)(2) motion, the policy considerations set

---

[1] The court's order stated that Santiague's amended guideline range was 210 to 262 months' imprisonment. However, it appears that the order contained a typographical error regarding the low end of his amended guideline range. As discussed below, in a subsequent order, the court found that the range was 240 to 262 months' imprisonment, and it explained that the mandatory minimum sentence for his offense was 240 months' imprisonment. *See* U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence"). Thus, the low end of Santiague's amendment guideline range could not have been lower than 240 months.

forth in U.S.S.G. § 1B1.10, and the § 3553(a) sentencing factors.  In its statement of reasons, the district court noted that Santiague's base offense level had been reduced to 28, and his amended guideline range was 240 months' imprisonment. Further, the court explained that Santiague's reduced sentence was the mandatory minimum required by statute under U.S.S.G. § 5G1.1(b).

Subsequently, Santiague moved for reconsideration, arguing that the district court clearly erred in concluding that he had been sentenced to a mandatory minimum 240-month sentence at his initial sentencing.  Further, the court failed to review and address his arguments regarding his post-sentencing rehabilitation and the sentencing disparities between powder and crack cocaine offenses.  According to Santiague, his offense carried a mandatory minimum of 10 years' (120 months) imprisonment, and he was not given notice pursuant to § 851(a) that his mandatory minimum sentence would be enhanced to 20 years.  Thus, he asserted that the district court was authorized to reduce his sentence to 120 months' imprisonment.

The district court denied Santiague's motion for reconsideration.  The court noted that, in his plea agreement, Santiague acknowledged that he would be subject to a 240-month mandatory minimum sentence.

## II.

We review *de novo* the district court's legal conclusions about the scope of its authority under § 3582(c)(2).  *United States v. Lawson*, 686 F.3d 1317, 1319

4

(11th Cir.), *cert. denied*, 133 S. Ct. 568 (2012).  However, when an appellant did not raise an issue before the district court, we review only for plain error.  *United States v. Massey*, 443 F.3d 814, 818 (11th Cir. 2006).  Plain error is: (1) an error; (2) that is plain; and (3) affects substantial rights; but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*

Section 3582(c)(2) provides that a court may reduce a defendant's sentence where the defendant is sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.  18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(1).  Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission and must be based on a retroactively applicable guideline amendment listed in § 1B1.10(c).  18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(1) & comment. (backg'd).  According to § 1B1.10, a sentence reduction is unauthorized under § 3582(c)(2) where it does not have the effect of lowering a defendant's "applicable guideline range."  U.S.S.G. § 1B1.10(a)(2)(B).  We have explained that "[t]he purpose of § 3582(c)(2) is to give a defendant the benefit of a retroactively applicable amendment to the [G]uidelines. . . But he is not to receive a lower sentence than he would have received if the amendment had been in effect at the time of his sentencing." *See Glover*, 686 F.3d 1203, 1206 (11th Cir. 2012).  Thus, when a retroactively applicable guidelines amendment lowers the guidelines range in a

5

case, a district court usually may not reduce a defendant's sentence to a term below the amended guidelines range. *See* U.S.S.G. § 1B1.10(b)(2)(A) (Nov. 2011).

Under the Guidelines, where a statutory minimum sentence is greater than the maximum of the applicable Guideline sentencing range, the statutory minimum shall be the guideline sentence. U.S.S.G. § 5G1.1(b). Where a statutory minimum sentence exceeds part, but not all, of the guideline range, the district court may impose a sentence at any point between the statutory minimum and upper end of the guideline range. *See* U.S.S.G. § 5G1.1(c)(2).

Before the FSA was signed into law on August 3, 2010, distribution of 50 grams or more of crack cocaine triggered the application of a statutory mandatory minimum sentence of 20 years' imprisonment, where the defendant had at least one prior felony drug conviction. 21 U.S.C. § 841(b)(1)(A)(iii) (2009). The FSA changed the crack-to-powder-cocaine ratio from 100-to-1 to about 18-to-1. *Dorsey v. United States*, 567 U.S. ___, 132 2321, 2326, 183 L. Ed. 2d 250 (2012). The FSA also amended the sentencing provisions in 21 U.S.C. § 841(b)(1)(A) by raising from 50 grams to 280 grams the amount of crack cocaine necessary to trigger the 20-year mandatory minimum sentence where a defendant has one prior felony drug conviction. Fair Sentencing Act of 2010, Pub. L. No. 111–220 § 2(a), 124 Stat. 2372 (2010). Under the FSA, where a defendant has distributed more than 28 grams of crack cocaine and has one prior drug felony, a mandatory

minimum sentence of 10 years' imprisonment applies. *See* 21 U.S.C. § 841(b)(1)(B)(iii). On June 21, 2012, the Supreme Court held in *Dorsey* that the FSA's reduced statutory mandatory minimums apply to defendants who committed crack cocaine offenses before August 3, 2010, but were sentenced after the date the FSA went into effect. *Dorsey*, 567 U.S. at ___, 132 at 2326.

Amendment 750 to the Sentencing Guidelines, made retroactively applicable on November 1, 2011, by Amendment 759, makes permanent the temporary emergency Amendment 748, which lowered the base offense levels for particular crack cocaine quantities in § 2D1.1(c), pursuant to the FSA. *See* U.S.S.G. App. C, Amend. 750, Reason for Amend. *and* U.S.S.G. App. C, Amend. 759. In *Freeman v. United States*, the Supreme Court addressed whether defendants who entered into Fed. R. Crim. P. 11(c)(1)(C) plea agreements were eligible for § 3582(c)(2) relief. 564 U.S. ___, ___ 131 2685, 2690, 180 L. Ed. 2d 519 (2011). The Court held that such a defendant may be eligible for § 3582(c)(2) relief. *Id.* at ___, 131 at 2695.

After the parties filed their briefs in the instant appeal, we issued our decision in *United States v. Hippolyte*, which addressed whether the FSA applies retroactively to defendants, like Santiague, who were convicted and sentenced before its effective date. No. 11-15933, manuscript op. at 14-15 (11th Cir. Mar. 14, 2013). In *Hippolyte*, the defendant was sentenced in 1996 for an offense

involving crack cocaine, and his sentence was based on the applicable 240-month statutory mandatory minimum, which became his guideline sentence under § 5G1.1. *Id.* at 2-3. In 2011, Hippolyte moved for a sentence reduction based on § 3582(c)(2) and Amendment 750, and the district court denied the motion because he had received the statutory minimum sentence for his offenses. *Id.* On appeal, Hippolyte argued that the FSA applies in § 3582 proceedings. *Id.* at 3. In affirming the district court's decision, we held that Amendment 750 had no effect on Hippolyte's sentence because it did not alter the statutory mandatory minimum sentence that Hippolyte received. *Id.* at 14. Further, we relied on *United States v. Berry,* 701 F.3d 374 (11th Cir. 2012), holding that, even if Hippolyte could raise a § 3582(c)(2) claim, the claim would fail because FSA did not apply retroactively to his 1996 sentence. *Id.* at 14–15. We reaffirmed our prior conclusion, in *Berry,* that the Supreme Court's decision in *Dorsey* did not suggest that the FSA should apply to defendants who were sentenced long before the FSA's effective date. *Id.* at 14. We explained that, because the FSA did not apply to Hippolyte's case, the statutory minimums that applied were the ones that were in place at the time when he was sentenced in 1996. *Id.* at 15.

As an initial matter, Santiague argued before the district court that it erroneously found that he was subject to a 240-month mandatory minimum during his original sentencing. However, he fails to mention this argument in his appeal

brief and, thus, he has abandoned it. *See United States v. Gupta*, 463 F.3d 1182, 1195 (11th Cir. 2006) (explaining that we "may decline to address an argument where a party fails to provide arguments on the merits of an issue in its initial or reply brief"). Further, on appeal, Santiague attempts to adopt portions of the appellants' brief in an unrelated appeal, *United States v. Loyd*, No. 11-16079. Under our rules, a party is permitted to adopt by reference any part of another party's brief by including a statement describing in detail which briefs and which portions of those briefs are adopted. 11th Cir. R. 28-1(f). Although Santiague has provided a copy of the portions of the brief that he intends to adopt, the appellants in *Loyd* are not parties in the instant appeal and some of the adopted arguments are not relevant. Regardless, as discussed below, even if Santiague is permitted to adopt the arguments from the brief in *Loyd*, he is not entitled to relief.

Furthermore, Santiague argues for the first time on appeal that the statutory mandatory minimums set forth in the FSA must be applied retroactively, in conjunction with Amendment 750, in § 3582(c)(2) proceedings. In the district court, he argued only that Amendment 750 reduced his applicable guideline range and that, in reducing his sentence, the court should consider the § 3552(a) factors and the sentencing disparities between crack and powder cocaine offenses. As such, we review his instant arguments related to the FSA only for plain error. *See Massey*, 443 F.3d at 818.

9

The district court did not commit error, plain or otherwise, in declining to reduce Santiague's sentence below the statutory minimum 240-month sentence that was applicable at the time of his original sentencing. Here, the district court acknowledged that Amendment 750 reduced Santiague's guideline range, and it correctly determined that, pursuant to § 5G1.1(c)(2), his amended guideline range became the mandatory minimum of 240 months. *See* U.S.S.G § 5G1.1(c)(2). Contrary to Santiague's assertion, Amendment 750 did not authorize the district court to reduce his sentence below the statutory mandatory minimum that was in effect at the time of his sentencing. *See Glover*, 686 F.3d at 1206; U.S.S.G. § 1B1.10(b)(2)(A) (Nov. 2011). Further, Santiague's reliance on *Freeman* is misplaced, as that case did not address whether a district court is authorized to sentence a defendant below the applicable mandatory minimum under § 3582(c)(2). *See Freeman*, 564 U.S. ___, 131 at 2690, 2695.

Next, as to Santiague's argument that he is eligible for a § 3582(c)(2) reduction based on the FSA, his argument is foreclosed by our recent decision in *Hippolyte*. Even assuming that he could raise his FSA claim in a § 3582(c)(2) motion, his claim fails because he was sentenced in 2002, before the August 3, 2010, effective date of the FSA, and, therefore, he cannot benefit from the FSA's lower statutory mandatory minimum provisions. *See Hippolyte*, manuscript op. at 14-15. Contrary to Santiague's assertion on appeal, *Dorsey* did not suggest that the

10

FSA's new statutory penalties should apply to defendants who were sentenced before the FSA's effective date. *See Hippolyte*, manuscript op. at 14-15 (providing that *Dorsey* did not suggest that the FSA's new mandatory minimums should apply to defendants "who were sentenced long before the FSA's effective date") (*quoting Berry*, 107 F.3d at 377).

For the foregoing reasons, we affirm the district court's partial grant of Santiague's § 3582(c)(2) motion and its denial of his motion for reconsideration.

**AFFIRMED.**